## Case No. 16,534.

### UNITED STATES ex rel. HILL v. TOWNS.

[7 Ben. 444.] [2]

District Court, S. D. New York.   Sept., 1874.

CONTEMPT OF COURT—POSSESSION—BONDING PROPERTY—EFFECT OF APPEAL—JURISDICTION.

1. H. filed a libel against T. and the yacht A., to recover possession of the yacht. A decree was rendered dismissing the libel, and authori-

[1] [Reported by Samuel H. Hempstead, Esq.]
[2] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

zing T. to give a bond and receive possession of the vessel from the marshal, and also authorizing H. to give a bond and receive such possession, in case T. failed to do so. T. not giving the bond, H. gave it and received the vessel. H. also appealed to the circuit court from the decree, and the return was duly made to that court. T. then took the vessel by force, from one of the sureties on the bond, to whom H. had delivered her. H. then applied for an attachment against T. for contempt of court: *Held*, that the giving of the bond substituted the bond for the vessel, and the taking of the vessel by T., after the bond had been given, was not a contempt of court.

2. The possession of the vessel, which the court had relinquished on the giving of the bond, must be maintained and defended in like manner as if the property had never been in the custody of the court, and not otherwise.

3. T., having taken the vessel, might possibly have lost the benefit of the bond.

4. After the return was filed in the circuit court, if the custody of the vessel was in either court, it would be in the circuit court, by virtue of the appeal.

In admiralty.

R. D. Benedict, for relator.
L. J. Lansing, for respondent.

BLATCHFORD, District Judge. Abraham Hill filed a libel in this court against the yacht Amelia and J. N. Towns, in a cause of possession. The libel alleged that the libellant was the owner of the yacht Amelia, and left her in the custody of Towns, to take care of her, and that Towns wrongfully retained possession of her. The vessel was arrested and detained in custody. Towns answered the libel, and the case was put at issue and heard on pleadings and proofs. A decree was made dismissing the libel [Case No. 6,487], and further ordering that Towns, the claimant, should be at liberty to give a bond or stipulation for value such as is required to be given by the rules of this court, on releasing and delivering up property arrested by process of the court, within three days from the entry of such decree, in the sum of $2,100, and that the vessel should be delivered to Towns upon the giving and perfecting and approval of said stipulation or bond, according to the practice of this court, and that, in case Towns should fail to give such bond or stipulation, the vessel should be delivered to the libellant upon his giving such a bond or stipulation for value in the sum of $2,100, and the perfection and approval of the same, and the payment by him of the marshal's fees. Towns failed to give any bond or stipulation for value, and thereupon the libellant gave the security provided for in the decree, and it was approved, and the vessel was duly delivered to the libellant under the decree. Afterwards, Towns caused the vessel to be forcibly seized and taken from the custody of a person to whom the libellant had delivered her, such person being one of the sureties who had signed the stipulation for value on the part of the libellant, and the libellant having given a bill of sale of the vessel to such person, to secure him for his liability as surety. On these facts an application is made to this court, on behalf of the libellant, as relator, to issue an attachment against Towns, for a contempt of this court in disobeying the said decree, by taking the vessel from the possession of the libellant by force, after she had been delivered to the libellant under the decree.

Towns makes no denial of the facts alleged, but I do not see how the application can be granted. The court dismissed the libel, and then, instead of merely ordering that the vessel be discharged from the custody of the marshal, or merely restoring her to the custody from which she was taken, that of Towns, gave first to Towns the option of taking her on giving a bond for her value, and, on his refusal to take her on such terms, gave to the libellant the option of taking her on giving a bond for her value. But the power of the court to deal with the vessel was gone as soon as the vessel passed from the custody of the court. If the court, on dismissing the libel, had merely restored the vessel to the custody of Towns, and if, after Towns had fully taken possession of her, on such restoration, the libellant had forcibly taken her away from Towns, I do not see how such action on the part of the libellant would have been any contempt of the authority of the court. It would not have been disobedience to any order of the court, or interference with any property in the custody of the court. So, in the present case, not only was the vessel, when Towns seized her, out of the custody of the court, and not held under process, but a bond had, by the direct order of the court, been substituted in place of the vessel. It is well settled, that, where a vessel is released on bond, the bond stands in place of the vessel, and the court has no further power to interfere with the vessel. An interference, therefore, by any person with the vessel, is not in conflict with any authority of the court over the vessel. The possession which the court has relinquished, on receiving the substituted bond, must be maintained and defended in like manner as if the property had never been in the custody of the court, and not otherwise.

The stipulation required and given contains a condition, that, at any time, on the interlocutory or final order or decree of this court, or of any appellate court to which the suit may proceed, and on notice of such order or decree to the proctors for the libellant, the stipulators will abide by the final decree rendered by the court or the appellate court, if any appeal intervene. This stipulation was given for the benefit of Towns. He took the vessel forcibly from the possession of one of the sureties in such stipulation, to whom the libellant had given title to and possession of the vessel, as security for his suretyship. Under such circumstances, it may well be, the libellant having taken an appeal in the suit, to the circuit court, from the decree

made by this court, that Towns would not be allowed to claim any benefit under or from such stipulation, but beyond that I do not see what power either this court or the circuit court would have to take notice of the conduct of Towns in taking the vessel.

It was urged, in support of the application, that the provision of the decree that the vessel should be delivered to the libellant, imported, also, that the court should continue to maintain such possession in the libellant against dispossession by Towns. No such effect ordinarily follows a decree for the delivery of property. If the decree is fulfilled and the property is delivered, it passes out of the control of the court, and its possession must be maintained as if it had come from any source other than the court. If the possession is to be maintained by the court against dispossession by Towns, why not against dispossession by all the world?

There is a further view. The stipulation was given and approved June 12th, 1873. Possession of the vessel was delivered to the libellant, and he, on the 1st of July, 1873, delivered her, with the bill of sale of her, to the surety. The appeal taken by the libellant to the circuit court, was perfected, and the return to the appeal, containing the record and proceedings, was filed in the circuit court, in April, 1874. The vessel was not taken by Towns until July 3d, 1874. Any power of this court to issue the attachment asked for, must be founded on the idea that this court had a quasi custody still of the vessel when Towns so took her. But nothing is better settled than that the vessel, if in the custody of any court at that time, was wholly in the custody of the circuit court, by virtue of the appeal.

The application must be denied.